Rev. 5/20

# United States District Court

### Middle District of Florida
### Fort Myers Division

2020 JUN 15  AM 11: 31

Stephen Moretto

*(In the space above enter the full legal name of the plaintiff)*

2nd Amendment

-against-

Dr. Solorzano , Dr. Trung Van Le,
and Dr. Kahn, in their Individual
Capacity
Wexford Health Source, Inc.; Centurion
of Florida, in their Individual and
Official Capacity

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the
space provided, please write "see attached" in the space
above and attach an additional sheet of paper with the full list
of names. The names listed in the above caption must be
identical to those contained in Section IV. Do not include
addresses here.)*

**Case No.** 2:18-CV-687
(To be filled out by Clerk's
Office only)

## COMPLAINT
*(Pro Se Confined Litigant)*

Jury Demand?
☑ Yes
☐ No

PROVIDED TO DESOTO C.I.
FOR MAILING
6-11-20
INMATE INITIALS
OFFICER INITIALS

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from
public access to electronic court files. Under this rule, papers filed with the court should *not*
contain: an individual's full social security number or full birth date; the full name of a person
known to be a minor; or a complete financial account number. A filing may include *only*: the last
four digits of a social security number; the year of an individual's birth; a minor's initials; and
the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.**

Case 2:18-cv-00687-JLB-NPM   Document 27   Filed 06/15/20   Page 2 of 26 PageID 245
Case 2:18-cv-00687-TPB-NPM   Document 24-1   Filed 05/15/2020   Page 2 of 10 PageID
229

Rev. 5/20

## I.  COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily
for pro se confined litigants challenging the constitutionality of their conditions of confinement,
claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal
defendants) or in a "Bivens" action (against federal defendants).*

☑  42 U.S.C. § 1983 (state, county, or municipal defendants)

☐  Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)
   (federal defendants)

## II.  PLAINTIFF INFORMATION

__Moretto, Stephen__                                 __N/A__
Name (Last, First, MI)                                  Aliases

__714553__
Identification #

__Desoto Annex C.I.__
Place of Detention

__13617 S.E. HWY 70__
Institutional Address

__Arcadia__              __Fla.__           __34266__
County, City              State              Zip Code

## III.  STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☑  Convicted and sentenced state prisoner
☐  Convicted and sentenced federal prisoner

Rev. 5/20

## IV.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:   **Dr. Solorzano**
Name (Last, First)

_____
Current Job Title

**13617 S.E. HWY 70**
Current Work Address

**Arcadia**            **Fla.**            **34266**
County, City         State            Zip Code

Defendant 2:   **Dr. Trung Van Le**
Name (Last, First)

**N/A**
Current Job Title

**(Last Know address) 13617 S.E. HWY 70**
Current Work Address

**Arcadia**            **Fla**            **34266**
County, City         State            Zip Code

Case 2:18-cv-00687-JLB-NPM   Document 27   Filed 06/15/20   Page 4 of 26 PageID 247
Case 2:18-cv-00687-TPB-NPM      Document 24-1      Filed 05/15/2020      Page 4 of 10 PageID
231

Rev. 5/20

**Defendant(s) Continued**

Defendant 3:  *Dr. or A.R.N.P. Kahn*
_____
Name (Last, First)

*N/A*
_____
Current Job Title

*(Last Know Address)  13617  S.E.  HWY  70*
_____
Current Work Address

*Arcadia*              *Fla.*           *34266*
_____
County, City          State            Zip Code


Defendant 4:  *Wexford  Health  Sources, Inc.*
_____
Name (Last, First)

*N/A  Private  Contractor for Medical*
_____
Current Job Title

*501  Holiday  Drive, Foster Plaza 4*
_____
Current Work Address

*Pittsburg*            *PA*             *15220*
_____
County, City          State            Zip Code


[Additional Defendants Must Be Listed on a Separate Sheet Titled Section IV]

Section IV. Continued:

Defendant continued:

Defendant 5: <u>Centurion of Florida</u>
　　　　　　　　Name

　　　　　　　<u>Medical Service Provider</u>
　　　　　　　current Job title

　　　　　<u>1203 Govenors Square Blvd, Suite 600</u>
　　　　　Current Work Address

　　　　　<u>Tallahassee</u>　　　　<u>Fl</u>　　　<u>32301</u>
　　　　　County, City　　　　State　　　zip code

5

Rev. 5/20

**V.   STATEMENT OF CLAIM**

Place(s) of
occurrence:                    *SEE Attachment page*

Date(s) of occurrence:         *See attachment page*

State which of your federal constitutional or federal statutory rights have been violated:

*8th Amendment of the United States Consti-
tution 14th Amendmed of U.S.C.*

*State here briefly the FACTS that support your case. See Fed. R. Civ. P. 8. Describe how each
defendant was personally involved in the alleged wrongful actions, state whether you were
physically injured as a result of those actions, and if so, state your injury and what medical
attention was provided to you. All facts shall be set forth in separately numbered paragraphs.
See Fed. R. Civ. P. 10(b).*

FACTS:

> What
> happened to
> you?

1) For multiple years leading up to Plaintiff's
arrest, I was seen by a Dr. Kogen whom treated
me for a Knee problem where my Knee repeatedly
popped out of place due to me being overweight.
Part of that treatment was cortizone shots to my
Knee, the last being two weeks before I was
arrested. By my insurence providers Dr. Springer
of Orthopedic Specialist of Ft. Myers.

2) In November of 2006 I was involved
a car accident in which my vehicle flipped
over.

3) As a result of the car accident I had to
see an orthopedic specialist, a Dr. Springer,
whom diagnosed me with a minicus tear in
my left ▓▓▓. And whom recommended minor
Knee

<u>Section V. continued</u>:

<u>Statement of Claim continued</u>:

Claim 1 :   The refusal of Dr. Trung Van Le, and Dr.
            Kahn, to have Plaintiff examined by an Or-
            thopedic Specialist when Plaintiff informed
            them that he was diagnosed by specialists
            prior to his incarceration with having foot
            injury and pain which amplified my knee
            problem, is the cause of Plaintiff experienc-
            ing acute pain for years to this day, pain
            which have spread to other parts of Plain-
            tiff's body, in violation of the 8th Amend-
            ment of the U.S. Constitution.

Claim 2 :   The refusal of Dr. Trung Van Le, Dr. Solorzano,
            and Dr. Kahn, to have Plaintiff examined by an
            Orthopedic Specialist when Plaintiff informed
            them that he was diagnosed by specialists
            prior to his incarceration with having foot
            injury and pain which is amplifing my knee
            problem, is the cause of Plaintiff experien-
            cing acute pain for years to this day and is
            the cause of Plaintiff not being able to sleep

7

<u>Section V. continued</u>:

<u>Statement of Claim continued</u>:

         sometimes or walk to attend meals, in violation of the 8th Amendment of the U.S. Constitution.

Claim 3:   The refusal of Dr. Trung Van Le, Dr. Kahn, and Dr. Solorzano to renew Plaintiff's low tier pass previously issued by an Advance Register Nurse Practitioner is one of deliberate indifference to Plaintiff's medical needs where Plaintiff who was diagnosed by specialists prior to his incarceration with having acute knee pain which he received shots for, and in which he related to the doctors mentioned herein, caused Plaintiff further injury where he fell on occasions and was in pain when his knee became weaken from having to go up and down the stairs, and caused Plaintiff shoulder pain from having to use a cane in such condition, in violation of the 8th Amendment of the U.S. Constitution.

Section V. continued:

Statement of Claim continued:

Claim 4: The refusal of Dr. Solorzano to renew Plaintiff's no prolong standing pass previously issued by an Advance Register Nurse Practioner for over a year is one of deliberate indifference to Plaintiff's medical needs where Plaintiff who was diagnosed by specialists prior to his incarceration with foot injury and pain which he related to the doctor mentioned herein, caused Plaintiff's foot to swell and pain from standing for up to nearly an hour, in violation of the 8th Amendment of the U.S. Constitution.

Claim 5: The action of Wexford Health Source, Inc., and Centurion of Florida whom were and is contractees with the Florida Department of Corrections to provide health services to Florida's prisoners, of maintaining a policy in which they refuse to authorize inmates to be examined by outside specialists unless for fatal reasons are the cause of medical officials and the doctors stating that authorizing an examination by outside specialist is against the policy, thus refusing to authorizing Plaintiff to be seen by an Orthopedic Specialist

9

Section V. continued

Statement of Claim continued:

despite the fact that Plaintiff explained to them and show them documents in which he was diagnosed and treated by specialist prior to his incarceration for foot injury and pain that is amplifing his knee problem, and that the medications being issued doesn't help, and is the cause of Plaintiff suffering acute pain to this date, in violation of the 8th Amendment of the U.S.

Rev. 5/20

surgery on the Knee I have problem with, and also recommended that I get good sole shoes that don't bend backwards as the wrong type of shoes would further amplify my Knee problem.

**Who did what?**

4) Plaintiff primary doctor, Dr. Howard, also diagnosed me with having a foot problem which was furthering my Knee problem and also causing me back and groin problems, and recommended me to go to Good Feet store. And be fitted for special shoes, And mAde CAst of my feet.

5) Plaintiff went to Good Feet store and casts were made of my feet, and plastic inserts were made for me to place in my shoes.

6) On January 31, 2012 while incarcerated and housed at OKeechobee C.I., Plaintiff was seen by A.R.N.P. Bass for foot and Knee pain and explained the history of his injuries and treatment prior to his incarceration and was prescribed orthopedic insoles and a lower tier pass.

7) On August 10, 2012 Plaintiff attended sick call for Knee and foot, and shoulder pain and was given and prescribed ibuprofen for the

[Additional Facts Must Be Set Forth in an Attachment Titled Section V]

Rev. 5/20

.pain.

8) On January 4, 2003 Plaintiff fell on the recreation yard while exercising as a result of foot pain.

> Was anyone else involved?

9) On July 10, 2013 A.R.N.P. Bass ordered x-rays on Plaintiff foot, and on or about August 21, 2013 Dr. Bahasa view the x-rays result and notice that Plaintiff had flexion contractures deformity and some mild swelling.

11) On December 20, 2014 while Plaintiff was urinating his knee gave out causing him to fall and hit his knee which only worsen my knee pain.

12) Plaintiff was transferred from Okeechobee C.I in March of 2015 to his current institution where all his medical passes were collected to be reviewed by a Health Care Provider.

13) On April 6, 2015, Plaintiff attended sick call for knee and foot pain and was given topical muscle rub and told to watch for a call out to be seen by the doctor.

14) On April 15, 2015, Plaintiff was seen by

<u>Section V. continued</u>:

<u>Facts continued</u>:

Dr. Trung Van Le for his knee and foot pain, and his lower bunk / tier pass renewal.

15) Plaintiff explained to Dr. Trung Van Le the his history of Plaintiff's injuries and treatment prior to his incarceration and explain that the treatment Plaintiff have been receiving since his incarceration have been insufficient, but the doctor stated that that's all we can do. When Plaintiff recommended him contacting Dr. Kagen, Dr. Springer, and Dr. Howard whom were treating Plaintiff prior to his incarcertion so that they can explain their diagnoses and treatment he refused to do so and failed to treat me.

16) Plaintiff feet when back and forth from paining to becoming numb so I attended sick call on May 29, 2015.

17) On June 4, 2015 I was seen by A.R.N.P Henry whom ordered x-rays for my feet, and on June 18, 2015 it was said that I have a slight

_Section V. continued:_

_Facts continued:_

deformity on my left foot as well as bone spur on the heels of my feet.

18) On July 30, 2015 I was again seen by A.R.N.P. Henry and explained that some of the numbness had disappeared when I stopped wearing my Nike shoes, but that I still suffered numbness in three toes on the left side of my left foot, and on the heel of my right foot. I was issued a ~~Both~~ Boot pass and told to come back in a month.

19) On August 2, 2005 I went to laundry to be issued boots but laundry staff refused to issue me boots.

20) On September 8, 2015 Plaintiff attended sick call in regards to the boot pass and issue but a nurse Scigiano informed me that the A.R.N.P. whom issued the boots pass no longer work here so I would have to see one of the Health Care Providers in regards to the issue.

Section V. continued:

Facts continued:

21) On November 11, 2015 boots that Plaintiff ordered arrived at the institution but I couldn't wear them due to the pain they caused me.

22) On November 15, 2015 Plaintiff Knee collasped causing him to fall on the stairs.

23) On December 3, 2015 Plaintiff was seen by Dr. Solorzano for his Knee and foot pain and once again explained the history of my injuries and treatment prior to my incarceration. I also explained that the Nike shoes and boots I had purchased hurt my feet therefore I could not wear them, and asked that he contact Dr. Kagen, Dr. Howard, and Dr. Springer about their diagnoses and treatment of me prior to my incarceration but he refused to do so, thus leaving me to suffer pain.

24) On December 16, 2015 Plaintiff accessed sick call for Knee and foot pain and was seen by Dr. Trung Van Le and once again explained to him

_Section V. continued_:

_Facts continued_:

the history of my injuries and treatment prior to my incarceration and explained that I couldn't wear the Nike shoes or boots I purchased because they hurt my feet and again request that he contact Dr. Springer, Dr. Kagen, and Dr. Howard whom diagnosed and treated me prior to my incarceration, or to have me examined by an orthopedic specialist. However, he refused to do so and told me that my pain comes from arthritis and told me to come back in two weeks if my problem still exist. He also refused to renew my lower tier pass, saying that they don't issue those here.

25) On February 1, 2016 Plaintiff bumped his knee on a bench which caused it to briefly pop out causing me excruciating pain.

26) On February 2, 2016, while in the sallyport waiting for the quad to be released to go eat, Plaintiff had to use the wall as a support to stand up but my knee gave out and I fell. I therefore

<u>Section V. continued</u>:

<u>Facts continued</u>:

declared a medical emergency and was picked up by
the medical department with a wheelchair and taken
to medical.

27) I was examined by Dr. Solorzano who accused
me of faking in which I told him that he can re-
view the video footage for the sallyport and once
again explained to him the history of my injuries and
treatment prior to my incarceration and request
that he contact Dr. Kagen, Dr. Springer, and Dr.
Howard whom was treating me prior to my incarcer-
ation or to send me to an orthopedic specialist but
he refused to do so.

28) Though Dr. Solorzano accuse me of faking he
issued me a cane but refused to renew my lower
tier pass which subjected me to going up and
down a stairs using a cane which caused me pain
in my knee, feet, and shoulder.

29) When I was leaving medical on February

_Section V. continued_ :

_Facts continued_ :

2, 2016, I had to use the walls for support despite having the cane and fell outside when I had no walls for support. I was helped up by an Ofc. Charez and inmate James Darsic. En route to H-dorm I fell twice more.

30) On February 28, 2016, I attended sick call for knee, shoulder, and neck pain but Nurse Scigiano refused to refer me to a Health Car Provider and instructed me to leave her office.

31) On June 28, 2016 I was examined by Dr. Trung Van Le for feet and knee pain and once again explained to him that I need to see a specialist because the medication being prescribed to me are not working. He however told me that he could not because it's against the policy, and for me to come back in two weeks if I'm still in pain.

32) On December 17, 2016, after standing in line for 45 minutes my right heel swelled up. I there-

18

Section V. continued:

Facts continued:

fore submitted a sick call slip in an attempt to get my
no prolong standing pass renewed which Dr. Solorzano
has been refusing to renew.

33) On December 20, 2016, I attended medical be-
cause of the right heel swelling, neck and shoulder
pains but was told by nurse Lasko and Sigiano
told me that there is not much they can do about
my neck and shoulder pain due to policy but give
me tylenol, that it's chronic problems and I
would have to live with it.

34) On July 4, 2017 I was transferred to Lee
County jail for 10 monts, and while housed there
I was examined by medical personnel whom
recognized that I had a left foot problem and
issued me a pair of new shoes. However, I
couldn't wear them because they weren't orthopedic
shoes and hurt my foot.

35) On April 23, 2018 I returned to Desoto Annex.

_Section V. Continued_:

_Facts continued_ :

36) On June 14, 2018, I submitted a request to Dr. Solorzano explaining to him my need to be seen by an orthopedic specialist because of my foot pain, and pointed out the fact that the medical personnel at the jail I recently left recognized and acknowledged that I have a foot problem. However, I filed the request to no avail.

37) On September 7, 2018 I attended medical for doctor's appointment and sat waiting from 8:30 a.m. to 11:30 a.m. then was told to come back after lunch. After lunch I sat waiting from 1:00 p.m. to 3:30 p.m. only to be told that I've been rescheduled. This was the first of nine reschedules.

38) During an appointment to medical I was informed by Nurse Garduno that neither Dr. Kahn or Dr. Solorzano would see me, that I would be rescheduled with a different physician besides these two.

39) On March 28, 2019 I experienced a sciatic-

Section V. continued:

Facts continued:

like, charley-horse like pain from the bottom of my left foot to lower back for thirteen straight hours and could not walk to go eat.

40) On April 24, 2019 I experienced some of the same pain and had to get assistant to walk, and my roommate whom happened to be in medical while I was there told the nurse of my serious pain that was keeping him awake.

41) On April 29, a visiting doctor had to issue me a shot for crippling pain.

42) On August 14, 2019 I attended a medical appointment to see the doctor but was told by the nurse that I will be rescheduled because the only doctor available is Dr. Solorzano whom will not see me.

43) Because of pain I had to miss many meals and stayed awake all night.

Section V. continued:

Facts continued :

44) On several visits to medical I showed Dr. Kahn and Dr. Solorzano documents that I had acquired with outside help that establishes that prior to my incarceration I was diagnosed with foot and knee problems, and was being treated by specialists, but Kahn and Solorzano refused to contact them or refer me to a specialist.

45) Plaintiff to this date experience excruciating pain and now walks with a limp due to not being treated.

46) Plaintiff was seen by Dr. Kahn and Dr. Trung Van Le, both of whom examined me and whom I showed documents that I had acquired with outside help that establishes that prior to my incarceration I was diagnosed with foot problems and was being treated by specialists, but they both refused to contact the specialists or refer me to one, thus leaving me to suffer pain to this day.

22

_Section V. Continued:_

_Facts continued:_

47) Due to the prolong delay and failure to send Plaintiff to a specialist about his foot and Knee, I started to and did develop acute pain on my other side which I told the doctors to no avail.

48) Nurses and doctors have blatanly stated that due to policies there is only so much they can do for me, thus refusing to send me to a specialist, to this day leaving Plaintiff in pain.


Pursuant to 28 U.S.C. § 1746, I declare and verify under the penalty of perjury under the laws of the United States of America that the foregoing facts and claims stated herein are true and correct.

6° 11° 2020
Date

Plaintiff pro se

23

Case 2:18-cv-00687-JLB-NPM   Document 27   Filed 06/15/20   Page 24 of 26 PageID 267
Case 2:18-cv-00687-TPB-NPM      Document 24-1      Filed 05/15/2020      Page 8 of 10 PageID
235

Rev. 5/20

## VI.   ADMINISTRATIVE PROCEDURES

*WARNING:* **Prisoners** *must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

## VII.   RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

Preliminary Injunction so that Plaintiff can be seen by an Orthopedic Specialists so that he can be properly examined and treated to stop and further pain and dis-figurement.

$400.000 in compensatory damages

$100.000 in punitive damages

$100.000 in damages for mental anguish

$50.000 in nominal damages

Reimbursment for all cost

Damages sought jointly from Defendants

Rev. 5/20

## VIII.  LITIGANT'S LITIGATION HISTORY

*The "three strikes rule" bars a **prisoner** from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g)*

### ALL LITIGANTS MUST ANSWER:.

Have you to date brought any other lawsuits in state or federal court while a confined?          ☑ Yes      ☐ No

If yes, how many?  _____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

*Stephen Moretto v. Wexford Health Source, Inc. et. al, 2:16 CV-908; Middle District, Fort Myers Division. Deliberate Indifference to Medical Needs. Case is pending.*

*2:17-CV-206*

Rev. 5/20

## IX.    PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  **I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

6-11-2020
_____
Dated

_____
Plaintiff's Signature

Stephen Moretto A
_____
Printed Name (Last, First, MI)

719553
_____
Identification #

Desoto    Annex    Arcadia    FIA    34266
_____
Institutional Name         City         State    Zip Code